**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (State Bar No. 213769)
    *jmdecastro@decastrolawgroup.com*
David G. Larmore (State Bar No. 216041)
    *dlarmore@decastrolawgroup.com*
Lori V. Minassian (State Bar No. 223542)
    *lminassian@decastrolawgroup.com*
9000 W. Sunset Boulevard, Suite 450
Los Angeles, California 90069
Telephone:   (310) 270-9877
Facsimile:    (310) 341-2330

Attorneys for Defendants Shlomo
Rechnitz, Rockport Administrative
Services, LLC, Riverside Healthcare &
Wellness Centre, LLC, Tim Garcia, and
Cecilia Machado

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JAMES TRULEY, an individual, | Case No. 5:15-cv-00715-SJO-SP |
|     Plaintiff, | |
| v. | **STIPULATION TO SET ASIDE DEFAULTS OF DEFENDANTS SHLOMO RECHNITZ, ROCKPORT ADMINISTRATIVE SERVICES, LLC, AND RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC** |
| SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC, a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive, | |
|     Defendants. | |

///

///

WHEREAS, Plaintiff, James Truley ("Plaintiff") contends that on or about April 14, 2015, he caused a summons and complaint in connection with this action to be served on Defendant Shlomo Rechnitz ("Rechniz") by substitute service on a natural person followed by mailing;

WHEREAS, Plaintiff contends that on or about April 15, 2015, he caused a summons and complaint in connection with this action to be served on Defendants Rockport Administrative Services, LLC ("Rockport") and Riverside Healthcare & Wellness Centre, LLC ("Alta Vista")  by substitute service on a natural person followed by mailing;

WHEREAS, Rechnitz, Rockport, and Alta Vista each dispute the validity of Plaintiff's purported service of process on them;

WHEREAS, to the extent service of process in connection with this action on Rechnitz, Rockport, and Alta Vista was proper – which they dispute – Rechnitz, Rockport, and Alta Vista, through mistake, inadvertence, surprise, and excusable neglect, failed to respond to the complaint in this action or appear in this action within the time period permitted therefore following such service of process;

WHEREAS, on or about May 7, 2015, at the request of Plaintiffs, the Court entered the default of Rechnitz, Rockport, and Alta Vista;

WHEREAS, Rechnitz, Rockport, and Alta Vista now wish to appear in this action and defend against the claims asserted against them in the complaint;

WHEREAS, Plaintiff has not served a summons and complaint in this action on Defendant Tim Garcia, sued as "Tim G. Doe" ("Tim") or on Defendant Cecilia Machado, sued as "Cecilia M. Doe" ("Cecilia") but both such defendants are willing to appear in this action voluntarily without insisting upon being served with process;

WHEREAS, attached as Exhibit A an Answer to the complaint that Rechnitz proposes to file upon the Court's entry of an order on this stipulation;

WHEREAS, attached as Exhibit B is an Answer to the complaint that Rockport, Alta Vista, Tim, and Cecilia propose to file upon the Court's entry of an order on this

1   stipulation;

2        WHEREAS, the parties to this stipulation and proposed order agree that it

3   would be in the interest of justice to set aside the default of Rechnitz, Rockport, and

4   Alta Vista and to allow said defendants to appear in this action and defend against the

5   claims asserted in the complaint in this action; and

6        WHEREAS, the parties to this stipulation and proposed order agree that by

7   entering into this stipulation and proposed order Plaintiff does not concede that any

8   affirmative defense asserted in either of the answers attached hereto are proper or

9   waive his right to challenge any such defense under Federal Rule of Civil Procedure

10  12 or otherwise;

11       Now, therefore, Plaintiff, Rechnitz, Rockport, Alta Vista, Tim, and Cecilia,

12  through their respective undersigned counsel, hereby STIPULATE, AGREE, and

13  JOINTLY REQUEST that:

14       1.    Pursuant to Federal Rule of Civil Procedure 55(c), the Default of each of

15  Shlomo Rechnitz, Rockport Administrative Services, LLC, and Riverside Healthcare

16  & Wellness Centre, LLC entered at the request of Plaintiffs on May 7, 2015, be set

17  aside; and

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STIPULATION TO SET ASIDE DEFAULTS
CASE NO. 5:15-cv-00715-SJO-SP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.      The proposed answers to the complaint on behalf of Shlomo Rechnitz, Rockport Administrative Services, LLC, Riverside Healthcare & Wellness Centre, LLC, Tim Garcia, and Cecilia Machado attached hereto be accepted for filing constituting an appearance in this action for all purposes by each of them.

SO STIPULATED, AGREED, and JOINTLY REQUESTED.

Dated:  June 22, 2015          STONE LAW FIRM, PC
                      By:  */Elliott H. Stone/*
                         Elliott H. Stone
                    Attorneys for Plaintiff James Truley

Dated:  June 22, 2015          DE CASTRO LAW GROUP, P.C.
                      By:  */Jose-Manuel A. de Castro/*
                         José-Manuel A. de Castro
                    Attorneys for Defendants Shlomo Rechnitz,
                    Rockport Administrative Services, LLC,
                    Riverside Healthcare & Wellness Centre, LLC,
                    Tim Garcia, and Cecilia Machado

**EXHIBIT A**

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (State Bar No. 213769)
    *jmdecastro@decastrolawgroup.com*
David G. Larmore (State Bar No. 216041)
    *dlarmore@decastrolawgroup.com*
Lori V. Minassian  (State Bar No. 223542)
    *lminassian@decastrolawgroup.com*
9000 W. Sunset Boulevard, Suite 450
Los Angeles, California 90069
Telephone:   (310) 270-9877
Facsimile:    (310) 341-2330

Attorneys for Defendant Shlomo
Rechnitz

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JAMES TRULEY, an individual, <br><br>     Plaintiff, <br><br> v. <br><br> SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC, a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive, <br><br>     Defendants. | Case No. 5:15-cv-00715-SJO-SP <br><br><br> **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT SHLOMO RECHNITZ** |

Defendant Shlomo Rechnitz, individually and erroneously alleged to be doing business as Rockport Healthcare Services and Alta Vista Healthcare & Wellness Center, ("Rechnitz"), as and for his answer to the complaint in this matter filed by

1

Plaintiff James Truley on April 13, 2015 (the "Complaint"), hereby alleges as follows.

1.      To the extent the allegation contained in paragraph 1 of the Complaint are directed at him, Rechnitz denies those allegations.  In all other respects, Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis, denies those allegations.

2.      Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis, denies those allegations.

3.      Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis, denies those allegations.

4.      Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis, denies those allegations.

5.      In response to the allegations contained in paragraph 5 of the Complaint, Rechnitz admits that the Complaint asserts a sufficient basis for an assertion by this Court of jurisdiction over the subject matter of Plaintiff's claims under federal law.

6.      Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis, denies those allegations.

7.      Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis, denies those allegations.

8.      Rechnitz denies the allegations contained in paragraph 8 of the Complaint, except admits that Rechnitz is an individual.

9.      Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that

1    basis, denies those allegations.

2        10.    Rechnitz admits the allegations contained in paragraph 10 of the

3    Complaint.

4        11.    Rechnitz denies knowledge of information sufficient to form a belief as

5    to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that

6    basis, denies those allegations.

7        12.    Rechnitz denies knowledge of information sufficient to form a belief as

8    to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that

9    basis, denies those allegations.

10       13.    Rechnitz denies knowledge of information sufficient to form a belief as

11   to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that

12   basis, denies those allegations.

13       14.    Rechnitz denies knowledge of information sufficient to form a belief as

14   to the truth of the allegations contained in Paragraph 14 of the Complaint, and on that

15   basis, denies those allegations.

16       15.    Rechnitz denies knowledge of information sufficient to form a belief as

17   to the truth of the allegations contained in Paragraph 15 of the Complaint, and on that

18   basis, denies those allegations.

19       16.    To the extent the allegation contained in paragraph 16 of the Complaint

20   are directed at him, Rechnitz denies those allegations.  In all other respects, Rechnitz

21   denies knowledge of information sufficient to form a belief as to the truth of the

22   allegations contained in Paragraph 16 of the Complaint, and on that basis, denies those

23   allegations.

24       17.    To the extent the allegation contained in paragraph 17 of the Complaint

25   are directed at him, Rechnitz denies those allegations.  In all other respects, Rechnitz

26   denies knowledge of information sufficient to form a belief as to the truth of the

27   allegations contained in Paragraph 17 of the Complaint, and on that basis, denies those

28   allegations.

18.     To the extent the allegation contained in paragraph 18 of the Complaint are directed at him, Rechnitz denies those allegations.  In all other respects, Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis, denies those allegations.

19.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis, denies those allegations.

20.     To the extent the allegation contained in paragraph 20 of the Complaint are directed at him, Rechnitz denies those allegations.  In all other respects, Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and on that basis, denies those allegations.

21.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis, denies those allegations.

22.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis, denies those allegations.

23.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis, denies those allegations.

24.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis, denies those allegations.

25.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and on that basis, denies those allegations.

26.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis, denies those allegations, except Rechnitz denies that any letter was sent to Plaintiff on behalf of Rechnitz.

27.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and on that basis, denies those allegations.

28.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and on that basis, denies those allegations.

29.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and on that basis, denies those allegations.

30.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and on that basis, denies those allegations, except Rechnitz denies that any letter was sent to Plaintiff on behalf of Rechnitz.

31.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and on that basis, denies those allegations, except Rechnitz denies that any letter was sent to Plaintiff on behalf of Rechnitz.

32.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis, denies those allegations.

33.     To the extent directed at him, Rechnitz denies the allegations contained in Paragraph 33 of the Complaint.

34.     Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and on that

1   basis, denies those allegations.

2          35.    Rechnitz denies knowledge of information sufficient to form a belief as

3   to the truth of the allegations contained in Paragraph 35 of the Complaint, and on that

4   basis, denies those allegations, except Rechnitz denies that any letter was sent to

5   Plaintiff on behalf of Rechnitz.

6          36.    To the extent directed at him, Rechnitz denies the allegations contained

7   in Paragraph 36 of the Complaint.

8          37.    Rechnitz denies knowledge of information sufficient to form a belief as

9   to the truth of the allegations contained in Paragraph 37 of the Complaint, and on that

10  basis, denies those allegations.

11         38.    Rechnitz denies knowledge of information sufficient to form a belief as

12  to the truth of the allegations contained in Paragraph 38 of the Complaint, and on that

13  basis, denies those allegations.

14         39.    Rechnitz denies knowledge of information sufficient to form a belief as

15  to the truth of the allegations contained in Paragraph 39 of the Complaint, and on that

16  basis, denies those allegations.

17         40.    Rechnitz denies knowledge of information sufficient to form a belief as

18  to the truth of the allegations contained in Paragraph 40 of the Complaint, and on that

19  basis, denies those allegations.

20         41.    Rechnitz denies knowledge of information sufficient to form a belief as

21  to the truth of the allegations contained in Paragraph 41 of the Complaint, and on that

22  basis, denies those allegations.

23         42.    Rechnitz denies knowledge of information sufficient to form a belief as

24  to the truth of the allegations contained in Paragraph 42 of the Complaint, and on that

25  basis, denies those allegations.

26         43.    To the extent directed at him, Rechnitz denies the allegations contained

27  in Paragraph 43 of the Complaint.

28         44.    To the extent directed at him, Rechnitz denies the allegations contained

in Paragraph 44 of the Complaint.

45.    Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and on that basis, denies those allegations.

46.    In response to the allegations incorporated by reference into Paragraph 46 of the Complaint, Rechnitz incorporates by reference his responses, set forth above, to the allegations contained in Paragraphs 1 through 45 of the Complaint.

47.    To the extent directed at him, Rechnitz denies the allegations contained in Paragraph 47 of the Complaint.

48.    To the extent directed at him, Rechnitz denies the allegations contained in Paragraph 48 of the Complaint.

49.    In response to the allegations incorporated by reference into Paragraph 46 of the Complaint, Rechnitz incorporate by reference his responses, set forth above, to the allegations contained in Paragraphs 1 through 48 of the Complaint.

50.    To the extent directed at him, Rechnitz denies the allegations contained in Paragraph 50 of the Complaint.

51.    To the extent directed at him, Rechnitz denies the allegations contained in Paragraph 51 of the Complaint.

52.    In response to the allegations incorporated by reference into Paragraph 46 of the Complaint, Rechnitz incorporates by reference his responses, set forth above, to the allegations contained in Paragraphs 1 through 52 of the Complaint.

53.    Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and on that basis, denies those allegations.

54.    Rechnitz denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and on that basis, denies those allegations.

55.    To the extent directed at him, Rechnitz denies the allegations contained

1    in Paragraph 50 of the Complaint.

2        56.    Rechnitz denies knowledge of information sufficient to form a belief as

3    to the truth of the allegations contained in Paragraph 56 of the Complaint, and on that

4    basis, denies those allegations.

5        57.    To the extent directed at him, Rechnitz denies the allegations contained

6    in Paragraph 57 of the Complaint.

7        58.    To the extent directed at him, Rechnitz denies the allegations contained

8    in Paragraph 58 of the Complaint.

9        59.    Rechnitz denies that Plaintiff is entitled to a judgment against Rechnitz

10    for any of the relief set forth in the "Prayer for Relief" set forth on pages 13 and 14 of

11    the Complaint.

12                          **FIRST AFFIRMATIVE DEFENSE**

13                       **(To All Causes of Action – Release)**

14        60.    As a first and separate affirmative defense to the Complaint, Rechnitz

15    alleges that one more of the causes of action therein is barred, in whole or in part, by

16    Plaintiff's express release.

17                          **SECOND AFFIRMATIVE DEFENSE**

18                        **(To All Causes of Action - Waiver)**

19        61.    As a second and separate affirmative defense to the Complaint, Rechnitz

20    alleges that each of the causes of action therein is barred by Plaintiff's waiver.

21                          **THIRD AFFIRMATIVE DEFENSE**

22                     **(To All Causes of Action – Bona Fide Error)**

23        62.    As a third and separate affirmative defense to the Complaint, Rechnitz

24    asserts that any violation of federal or state law attributable to Rechnitz as alleged in

25    the Complaint – which Rechnitz denies – was the result of a bona fide error that

26    occurred notwithstanding procedures reasonably adopted to avoid such errors, and

27    thus, Rechnitz cannot be liable for such violations, if any.

28

## FOURTH AFFIRMATIVE DEFENSE

### (To the Third Causes of Action – Plaintiff's Misconduct)

63.     As a fourth and separate affirmative defense to the Third Cause of Action in the Complaint, Answering Defendants assert that Plaintiff's misconduct concerning the matters alleged in the Complaint constituted carelessness, negligence, and/or misconduct, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff.

WHEREFORE, having fully answered, Rechnitz prays for judgment as follows:

a.     That Plaintiff takes nothing by way of his Complaint in this action;

b.     Awarding Rechnitz reimbursement for the costs of suit and, upon a finding that the action was brought by Plaintiff in bad faith to harass, awarding Rechnitz attorneys' fees incurred by him in connection with this action pursuant to 15 U.S.C § 1692k(a)(3); and

c.     For such other and further relief as the Court deems just and proper.

Dated:  June 22, 2015            DE CASTRO LAW GROUP, P.C.

                                 By:  /Jose-Manuel A. de Castro/
                                      José-Manuel A. de Castro
                                 Attorneys for Defendant Shlomo Rechnitz

**EXHIBIT B**

**DE CASTRO LAW GROUP, P.C.**
José-Manuel A. de Castro (State Bar No. 213769)
      *jmdecastro@decastrolawgroup.com*
David G. Larmore (State Bar No. 216041)
      *dlarmore@decastrolawgroup.com*
Lori V. Minassian  (State Bar No. 223542)
      *lminassian@decastrolawgroup.com*
9000 W. Sunset Boulevard, Suite 450
Los Angeles, California 90069
Telephone:   (310) 270-9877
Facsimile:    (310) 341-2330

Attorneys for Defendants Rockport
Administrative Services, LLC, and
Riverside Healthcare & Wellness Centre,
LLC, Tim Garcia, and Cecilia Machado

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JAMES TRULEY, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC, a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive,<br><br>      Defendants. | Case No. 5:15-cv-00715-SJO-SP<br><br><br>**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS ROCKPORT ADMINISTRATIVE SERVICES, LLC, RIVERSIDE HEALTCARE & WELLNESS CENTRE, LLC, TIM GARCIA, AND CECILIA MACHADO** |

      Defendants Rockport Administrative Services, LLC, individually and doing business as Rockport Healthcare Services, Riverside Healthcare & Wellness Centre,

LLC, individually and doing business as Alta Vista Healthcare & Wellness Centre, Tim Garcia, sued as "Tim G. Doe," and Cecilia Machado, sued as "Cecilia M. Doe" (collectively, "Answering Defendants"), as and for their answer to the complaint in this matter filed by Plaintiff James Truley on April 13, 2015 (the "Complaint"), hereby allege as follows.

1.      To the extent the allegation contained in paragraph 1 of the Complaint are directed at them, Answering Defendants deny those allegations.  In all other respects, Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis, deny those allegations.

2.      Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis, deny those allegations.

3.      Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis, deny those allegations.

4.      Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and on that basis, deny those allegations.

5.      In response to the allegations contained in paragraph 5 of the Complaint, Answering Defendants admit that the Complaint asserts a sufficient basis for an assertion by this Court of jurisdiction over the subject matter of Plaintiff's claims under federal law.

6.      Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis, deny those allegations.

7.      Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint,

and on that basis, deny those allegations.

8.     Answering Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that Defendant Shlomo Rechnitz is an individual.

9.     Answering Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.     Answering Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and on that basis, deny those allegations.

12.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and on that basis, deny those allegations.

13.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis, deny those allegations.

14.     Answering Defendants admit that Defendant Tim Garcia, sued as "Tim G. Doe" is an individual.  Answering Defendants deny that Defendant Tim Garcia works for Defendant Shlomo Rechnitz.  Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint, and on that basis, deny those allegations.

15.     Answering Defendants admit that Defendant Cecilia Machado, sued as "Cecilia M. Doe" is an individual.  Answering Defendants deny that Defendant Cecilia Machado works for Defendant Shlomo Rechnitz.  Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint, and on that basis, deny those allegations.

16.     To the extent the allegation contained in paragraph 16 of the Complaint

are directed at them, Answering Defendants deny those allegations.  In all other respects, Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and on that basis, deny those allegations.

17.   To the extent the allegation contained in paragraph 17 of the Complaint are directed at them, Answering Defendants deny those allegations.  In all other respects, Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis, deny those allegations.

18.   To the extent the allegation contained in paragraph 18 of the Complaint are directed at them, Answering Defendants deny those allegations.  In all other respects, Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis, deny those allegations.

19.   Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and on that basis, deny those allegations.

20.   To the extent the allegation contained in paragraph 20 of the Complaint are directed at them, Answering Defendants deny those allegations.  In all other respects, Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and on that basis, deny those allegations.

21.   Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and on that basis, deny those allegations.

22.   Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis, deny those allegations, except Answering Defendants admit that

prior to September 1, 2014, Plaintiff incurred financial obligations related to the admission of his mother to a nursing home operated under the name of Alta Vista Healthcare & Wellness Centre.

23.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and on that basis, deny those allegations, except Answering Defendants admit that prior to September 1, 2014, Plaintiff defaulted on financial obligations related to the admission of his mother to a nursing home operated under the name of Alta Vista Healthcare & Wellness Centre.

24.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis, deny those allegations.

25.     Answering Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and on that basis, deny those allegations, except Answering Defendants admit that the document attached as Exhibit A to the Complaint appears to be a true and correct copy of a letter sent by Defendant Tim Garcia to Plaintiff on or about September 25, 2014, and that the quotation contained in Paragraph 26 is an accurate, albeit excerpted, quotation from that letter.

27.     Answering Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Answering Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Answering Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Answering Defendants deny knowledge of information sufficient to form

5

a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and on that basis, deny those allegations, except Answering Defendants admit that the document attached as Exhibit B to the Complaint appears to be a true and correct copy of a letter sent by Defendant Cecilia Machado to Plaintiff on October 9, 2014, and that the quotation contained in Paragraph 30 is an accurate, albeit excerpted, quotation from that letter.

31.    Answering Defendants deny the allegations contained in Paragraph 31 of the Complaint, except Answering Defendants admit that the document attached as Exhibit B to the Complaint appears to be a true and correct copy of a letter sent by Defendant Cecilia Machado to Plaintiff on October 9, 2014.

32.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis, deny those allegations.

33.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and on that basis, deny those allegations.

35.    Answering Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and on that basis, deny those allegations.

38.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and on that basis, deny those allegations.

39.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and on that basis, deny those allegations.

40.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and on that basis, deny those allegations.

41.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and on that basis, deny those allegations.

42.     Answering Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 44 of the Complaint..

45.     Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and on that basis, deny those allegations.

46.     In response to the allegations incorporated by reference into Paragraph 46 of the Complaint, Answering Defendants incorporate by reference their responses, set forth above, to the allegations contained in Paragraphs 1 through 45 of the Complaint.

47.     To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     In response to the allegations incorporated by reference into Paragraph 46 of the Complaint, Answering Defendants incorporate by reference their responses, set forth above, to the allegations contained in Paragraphs 1 through 48 of the Complaint.

50.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.    In response to the allegations incorporated by reference into Paragraph 46 of the Complaint, Answering Defendants incorporate by reference their responses, set forth above, to the allegations contained in Paragraphs 1 through 52 of the Complaint.

53.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and on that basis, deny those allegations.

54.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and on that basis, deny those allegations.

55.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 50 of the Complaint.

56.    Answering Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and on that basis, deny those allegations.

57.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    To the extent directed at them, Answering Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.    Answering Defendants deny that Plaintiff is entitled to a judgment against Answering Defendants for any of the relief set forth in the "Prayer for Relief" set forth on pages 13 and 14 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (To All Causes of Action – Release)

60.    As a first and separate affirmative defense to the Complaint, Answering

Defendants allege that one more of the causes of action therein is barred, in whole or in part, by Plaintiff's express release.

### SECOND AFFIRMATIVE DEFENSE

#### (To All Causes of Action - Waiver)

61.     As a second and separate affirmative defense to the Complaint, Answering Defendants allege that each of the causes of action therein is barred by Plaintiff's waiver.

### THIRD AFFIRMATIVE DEFENSE

#### (To All Causes of Action – Bona Fide Error)

62.     As a third and separate affirmative defense to the Complaint, Answering Defendants assert that any violation of federal or state law attributable to Answering Defendants as alleged in the Complaint – which Answering Defendants deny – was the result of a bona fide error that occurred notwithstanding procedures reasonably adopted to avoid such errors, and thus, Answering Defendants cannot be liable for such violations, if any.

### FOURTH AFFIRMATIVE DEFENSE

#### (To the Third Causes of Action – Plaintiff's Misconduct)

63.     As a fourth and separate affirmative defense to the Third Cause of Action in the Complaint, Answering Defendants assert that Plaintiff's misconduct concerning the matters alleged in the Complaint constituted carelessness, negligence, and/or misconduct, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff.

WHEREFORE, having fully answered, Answering Defendants pray for judgment as follows:

a.     That Plaintiff takes nothing by way of his Complaint in this action;

b.     Awarding Answering Defendants reimbursement for the costs of suit and, upon a finding that the action was brought by Plaintiff in bad faith to harass, awarding

1    Answering Defendants attorneys' fees incurred by them in connection with this action

2    pursuant to 15 U.S.C § 1692k(a)(3); and

3              c.      For such other and further relief as the Court deems just and proper.

4    Dated:  June 22, 2015                         DE CASTRO LAW GROUP, P.C.

5

6                                                  By:   /Jose-Manuel A. de Castro/
                                                         José-Manuel A. de Castro
7                                                  Attorneys for Defendants Rockport
                                                   Administrative Services, LLC, Riverside
8                                                  Healthcare & Wellness Centre, LLC, Tim
                                                   Garcia, and Cecilia Machado
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 9000 W. Sunset Boulevard, Suite 450, Los Angeles, California 90069.

On June 22, 2015, I served the following document(s): **STIPULATION TO SET ASIDE DEFAULTS** on the interested parties in this action as follows:

**ALL PARTIES APPEARING IN THIS ACTION**

☒ By E-Service: I electronically served the above document(s) via CM/ECF on the parties opting for e-service.

☐ **BY E-MAIL:** In accordance with a service agreement among the parties to this action, I transmitted a true copy of the document(s), in .pdf format, by electronic mail to the electronic mail address listed above for each addressee, and received no reply message indicating a delivery failure.

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 9000 W. Sunset Boulevard, Suite 450, Los Angeles, California 90069. The envelope was mailed with postage thereon fully prepaid.
I am "readily familiar" with my office's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a copy of the original document to the listed facsimile numbers, as noted below the address for said addressee(s).

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the listed addressee(s), as noted below the address for said addressee(s).

Executed: June 22, 2015 at Los Angeles, California

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Nanette Leali

PROOF OF SERVICE