JOHN G. DOOLING (SBN 154358)
CHRISTOPHER R. MEZZETTI (SBN 282287)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: john.dooling@rmkb.com
christopher.mezzetti@rmkb.com

Attorneys for Defendants
DINCEL LAW GROUP APC, KIM O. DINCEL, an individual AND W. JOHN LO, an individual

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES TRULEY, an individual,

Plaintiff,

v.

SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC, a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive,

Defendants.

Case No. 5:15-cv-00715-SJO-SP

**AMENDED DECLARATION OF CHRISTOPHER R. MEZZETTI IN SUPPORT OF DEFENDANTS DINCEL LAW GROUP, APC, KIM O. DINCEL AND W. JOHN LO'S MOTION TO COMPEL RESPONSES TO SPECIALLY PREPARED INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF AND REQUEST FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37**

**Date:** **February 16, 2016**
**Time:** **10:00 a.m.**
**Ctrm:** **4, 3rd Fl.**

**Magistrate Judge Pym**

**Complaint filed:** **April 13, 2015**

**Trial Date:** **May 3, 2016**

I, Christopher R. Mezzetti, declare and state as follows:

1. I am an attorney duly admitted to practice before all courts of the State of California and the United States District Court – Central District of California, and am an

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

attorney in the law firm of Ropers, Majeski, Kohn & Bentley, attorneys of record in this matter for Defendants Dincel Law Group, APC, Kim O. Dincel, and W. John Lo (the "Dincel Defendants"). The following statements are based upon my personal knowledge of this matter and if called upon to testify, I could and would competently testify to the matters asserted herein.

2. My office served Plaintiff JAMES TRULEY with Specially Prepared Interrogatories, Set One and Request for Production of Documents, Set One on October 28. 2015. Attached hereto as Exhibit "A" are true and correct copies of the proofs of service for those discovery requests.

3. Responses to The Dincel Defendants Specially Prepared Interrogatories, Set One and Request for Production of Documents, Set One were due no later than December 2, 2015. Plaintiff did not serve responses by that date. In fact, despite the Dincel Defendants' repeated attempts to meet and confer on the subject, Plaintiff still has yet to serve responses of any kind.

4. I sent meet and confer correspondence to Plaintiff's counsel on December 15, 2015. Plaintiff's counsel did not respond. Again on December 21, 2015, I attempted to engage in meet and confer efforts via email. On December 22, 2015, Plaintiff's counsel that Plaintiff would provide responses by December 28, 2015. Plaintiff did not serve responses by that date. On December 29, 2015, I again inquired, via email, as to the status of Plaintiff's discovery responses. Again, Plaintiff did not respond. Attached hereto as Exhibit "B" are true and correct copies of the above-described email exchanges between myself and Plaintiff's counsel.

5. On January 11, 2016, I sent Plaintiff's counsel a detailed meet and confer letter, addressing the lack of discovery responses, as well as other outstanding issues. In that letter, I requested that Plaintiff serve responses to the Dincel Defendants' discovery requests no later than January 15, 2016. Again, Plaintiff failed to respond. Attached hereto as Exhibit "C" is a true and correct copy of my January 11, 2016, meet and confer letter to Plaintiff's counsel.[1]

6. Fed. R. Civ. P., Rule 26 initial disclosures were due in this case on July 30, 2015. Plaintiff did not timely serve his disclosures. Despite repeated meet and confer efforts, and

[1] A portion of the letter has been redacted as it contains confidential settlement discussions.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

representations that the disclosure was "in the mail", Plaintiff's disclosure did not arrive until September 20, 2015. Attached hereto as Exhibit "D" are true and correct copies of meet and confer emails between Plaintiff's counsel and counsel for Defendants regarding Plaintiff's failure to serve Fed. R. Civ. P., Rule 26 disclosures.

7. Upon review of Plaintiff's extremely delayed initial disclosure, it was clear that it was plainly deficient. Plaintiff failed to provide any information, other than what was contained in Plaintiff's Complaint. Counsel for co-defendants engaged Plaintiff in further meet and confer efforts, and Plaintiff agreed to produce a code compliant disclosure in late October. Despite repeated requests therefor, Plaintiff did not produce, and has yet to produce an amended/supplemental initial disclosure. Attached hereto as Exhibit "E" are true and correct copies of meet and confer emails between Plaintiff's counsel and counsel for Defendants regarding Plaintiff's deficient Fed. R. Civ. P., Rule 26 disclosures.

8. On December 31, 2015, the Dincel Defendants served Plaintiff with a notice of deposition for January 20, 2016. Due to Plaintiff's pattern of failing to comply with the Federal Rules of Civil Procedure, my office repeatedly reached out to Plaintiff's counsel to determine if, in fact, Plaintiff would appear for his deposition on January 20, 2016. Despite these repeated requests, and Plaintiff's counsel's knowledge that counsel for the Dincel Defendants would have to travel to Los Angeles from the San Francisco area to attend the deposition, Plaintiff's counsel did not respond or confirm the deposition. Attached hereto as Exhibit "F" are true and correct copies of emails sent by my office to Plaintiff's counsel in an attempt to confirm Plaintiff's deposition.

9. On January 19, 2016, the day before Plaintiff's deposition, Plaintiff sent the Dincel Defendants an untimely objection to their deposition notice. Attached hereto as Exhibit "G" is a true and correct copy of Plaintiff's Objection to Notice of Deposition.

10. Counsel for co-Defendants and I immediately met and conferred with Plaintiff's counsel on the untimely, improper objections. Counsel for co-Defendants reminded Plaintiff's counsel that Plaintiff had previously agreed to appear on January 20, 2016, for his deposition. I explained to Plaintiff's counsel that there is no meet and confer requirement for the setting of

depositions under either the Federal Rules of Civil Procedure or the Central District's Local Rules, and that the noticing party was clearly identified in the caption of the Notice of Deposition. Plaintiff's counsel merely asserted that the objections were valid. Though Plaintiff's counsel offered to "meet and confer" via phone call, I have yet to hear from him on the issue. Attached hereto as Exhibit "H" are true and correct copies of the above-described meet and confer emails between myself, counsel for co-Defendants, and Plaintiff's counsel

11. Despite my repeated attempts to meet and confer with Plaintiff's counsel, by telephone, email, and letter, Plaintiff's counsel failed to reciprocate my efforts – the most I received was an email promising responses, which went unfulfilled. As such, the Dincel Defendants were unable to complete a Joint Stipulation pursuant to Local Rule 37-2. They are, however, excused from preparing said stipulation pursuant to Local Rule 37-2.4, due to Plaintiff's failure to meet and confer on these issues.

12. I have expended approximately 12 hours of time engaging in meet and confer effort and preparing the present motion and its supporting papers. I expect to expend an additional 8 hours reviewing any response to this motion and preparing for and appearing at a hearing on this motion. My hourly rate in this case is $190. As such, my clients will incur expenses of approximately $3,800.00 as a result of Plaintiff's failures.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 22, 2016, at Redwood City, California.

/s/ Christopher R. Mezzetti
CHRISTOPHER R. MEZZETTI

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City