Elliott H. Stone, Esq. (SBN 264569)
ehstone@stonelawpc.com
**STONE LAW FIRM**
6601 Center Drive – Suite 500
Los Angeles California 90045
Telephone: (310) 348-7000
Facsimile: (844) 329-9100

Attorney for Plaintiff JAMES TRULEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CENTRAL DIVISION – LOS ANGELES

| | |
|---|---|
| JAMES TRULEY, an induvial,<br><br>Plaintiff,<br><br>v.<br><br>SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC.,a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive, an individual; and DOES to 1 to 50, inclusive,<br><br>Defendants. | Case No.:   5:15-cv-00715-SJO-SP<br><br>**DECLARATION OF ELLIOTT H. STONE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DINCEL DEFENDANTS MOTION TO COMPEL AND REQUEST FOR SANCTIONS** |

I, Elliott H. Stone, declare as follows:

1. I am the attorney of record in this matter for Plaintiff JAMES TRULY. I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2. I make this declaration in support of *Plaintiff's Opposition To Dincel Defendants Motion To Compel And Request For Sanctions* [Doc 44].

3. All discovery responses to all propounded requests were served on the Dincel Defendants on January 31, 2016, and the same has been acknowledged as received by the Dincel Defendants. See <u>Exhibit A</u>.

4. My wife and I gave birth to our first child (a boy) on September 27, 2015, after an extremely difficult third trimester due to medical complications with the unborn baby and mother– which continued after the birth of the baby. My wife was required to undergo multiple medical procedures both before and the birth of their sun. For my wife's medical privacy, specific details are omitted here but can be provided to the Court *in camera* upon request. As a result of this, I was out of the office for several weeks more than originally anticipated so that I could care for my baby and wife– substantially more time than I had <u>ever</u> anticipated.

5. With the holidays coming on the heels of my post-baby return to the office, coupled with new-baby sleepless nights (which continue to the present), I fell behind in propounding, noticing and responding to discovery in this matter. As a solo-practitioner, the I was unable to have an associate "fill-in" in his absence. The delays demonstrated here were not the result of any attempt to delay, hinder, or impede the defendants' rights to conduct discovery. As such, some phone calls and emails were not returned as quickly as I would have liked (or as fast as opposing counsel would have liked).

6. I explained these aggravating factors to both opposing counsel. While Mr. de Castro, counsel for the Non-Attorney Defendants, was highly civil and amenable to my situation, and he provided numerous accommodations for which the I am exceptionally thankful. Mr. Mezzetti, counsel for the Dincel Defendants, on the other hand, was anything but. On this topic, it should be noted that I freely granted both opposing counsel all of their requested extensions earlier in the case. Specifically, I provided Mr. Mezzetti and the Dincel Defendants an extension of time to answer [Doc. 15] and, as to the Non-Attorney

1  Defendants, the undersigned agreed to set aside their defaults when they each failed to
2  answer after being served [Doc 24].

3        7.    Further aggravating the situation is the fact that the I moved my office from
4  Orange County to Los Angles in late October / early November.

5        8.    After providing the Dincel Defendants with responses to their written
6  discovery demands, I even offered to voluntarily pay Mr. Mazzetti's firm $1,5000, in
7  exchange for taking this motion off calendar before the undersigned filed his opposition.  Mr.
8  Mazzetti rejected my offer insisting instead to go to hearing so he could obtain for monetary,
9  evidentiary and terminating sanctions.  *See* Exhibit A.

10       9.    Following the dispatch of his January 11, 2016, Purported Meet and Confer
11 Letter, Mr. Mazzetti did not give me the 10 days under the Local Rules to meet and confer
12 with him on his discovery concerns.  Had he given me the full time, I would have met and
13 conferred with him and jointly prepared a Local Rule stipulation on any points on which we
14 disagreed.

15       10.    While counsel for the non-Dincel Defendants and I engaged in a discussion
16 regarding the sufficiency of my client's initial disclosures related to actual damages, Mr.
17 Mazzetti was never part of the that conversation.  Mr. Mazzetti's declaration failed to include
18 all the emails I exchanged with Mr. de Castro in which I provided cites to authority
19 explaining how actual damages for emotional distress under the FDCPA are necessarily
20 vague and are generally considered a fact issue for the jury and may not be amenable to the
21 kind of calculation disclosure contemplated by Rule 26(a)(1)(C).  I then agreed to
22 supplement the disclosures to provide this authority, only– but never agreed to provide
23 additional detail on the computation of damages.  *See* Exhibit B.

24       11.    I then filed supplemental initial disclosures on the parties and provided highly
25 expanded discussion, with citations to authority as to why the computation of damages
26 provided in the initial disclosures is compliant under the federal rules and related case law.
27 *See* Exhibit C.
28

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed this 2nd day of February, 2016, at Los Angeles, California.

          /s/ Elliott H. Stone
          Elliott H. Stone



4
DECLARATION OF ELLIOTT H. STONE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DINCEL DEFENDANTS MOTION TO COMPEL AND REQUEST FOR SANCTIONS

# PROOF OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the Los Angeles County in the office of a member of the bar of this court at whose direction the service was made. My business address is 6601 Center Drive, Suite 500, Los Angeles, CA 90045.

On February 2, 216, I served the following document(s):

PLAINTIFF JAMES TRULEY'S NOTICE OF DEPOSITION OF DEFENDANT ROCKPORT HEALTHCARE SERVICES PURSUANT TO F.R.C.P. § 30(b)(6)

    José-Manuel A. de Castro, Esq.
    DE CASTRO LAW GROUP, P.C.
    9000 W. Sunset Boulevard, Suite 450
    Los Angeles, California 90069

    Attorneys for Defendants Shlomo Rechnitz, Rockport Administrative Services, LLC, Riverside Healthcare & Wellness Centre, LLC, Tim Garcia and Cecilia Machado

    John G. Dooling, Esq.
    1001 Marshall Street, Suite 500
    Redwood City CA 94063-2052

    Attorneys for defendants Dincel Law Group, Kim I. Dincel, and W. John Lo.

☒ **VIA CM/ECF.**

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on February 2, 2016 at Los Angeles, California.

                                                    /s/ Elliott H. Stone
                                                    Elliott H. Stone



Proof of Service