JOHN G. DOOLING (SBN 154358)
CHRISTOPHER R. MEZZETTI (SBN 282287)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701
Email:   john.dooling@rmkb.com
christopher.mezzetti@rmkb.com

Attorneys for Defendants
DINCEL LAW GROUP APC, KIM O. DINCEL, an
individual AND W. JOHN LO, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TRULEY, an individual, | Case No. 5:15-cv-00715-SJO-SP |
| Plaintiff, | **DECLARATION OF CHRISTOPHER R. MEZZETTI IN SUPPORT OF REPLY TO OPPOSITION TO DEFENDANTS DINCEL LAW GROUP, APC, KIM O. DINCEL AND W. JOHN LO'S MOTION TO COMPEL RESPONSES TO SPECIALLY PREPARED INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF AND REQUEST FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37** |
| v. | |
| SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC, a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive, | |
| | **Date:** February 23, 2016<br>**Time:** 10:00 a.m.<br>**Ctrm:** 4, 3rd Fl. |
| | **Magistrate Judge Pym** |
| Defendants. | |
| | **Complaint filed:** April 13, 2015 |
| | **Trial Date:** May 3, 2016 |

I, Christopher R. Mezzetti, declare and state as follows:

1. I am an attorney duly admitted to practice before all courts of the State of

California and the United States District Court – Central District of California, and am an attorney in the law firm of Ropers, Majeski, Kohn & Bentley, attorneys of record in this matter for Defendants Dincel Law Group, APC, Kim O. Dincel, and W. John Lo (the "Dincel Defendants"). The following statements are based upon my personal knowledge of this matter and if called upon to testify, I could and would competently testify to the matters asserted herein.

2. On or about January 31, 2016, Plaintiff served deficient responses to my clients' Specially Prepared Interrogatories, Set One, and Requests for Production, Set One. The deficient responses were served after the filing of the present motion. Attached hereto as Exhibit I is a true and correct copy of Plaintiff's Responses to Defendants Dincel Law Group APC, Kim O. Dincel, and W. John Lo's First Set of Specially Prepared Interrogatories, Requests for Production of Documents, Set One, and First Set of Requests for Admission.

3. I am very sympathetic to Plaintiff's counsel representations with regard to the difficulties and "sleepless nights" associated with newborn babies as I, as well, was blessed with a newborn baby girl in September of 2015.

4. Unfortunately, Plaintiff's counsel failed to apprise me, or my office, of any difficulties associated with his wife's pregnancy following a September 20, 2015, email. Nor did he provide my office with any information relating to his unavailability from September 2015 through January 2016.

5. Though Plaintiff's counsel was unable to meet and confer with me regarding his client's failure to respond to discovery, it appears that he was able to participate in this litigation, to an extent, during the time frame in which his responses were due. On or about December 11, 2015, Plaintiff's counsel noticed the deposition of co-Defendant Rockport Healthcare Services. Plaintiff's proof of service represented that the Dincel Defendants were served with a copy of said notice, though none was ever received. I attempted to meet and confer with Plaintiff's counsel on the issue on January 5, 2016, after discovering the issue. I was essentially stonewalled by Plaintiff's counsel on the issue. Attached hereto as Exhibit J is a true and correct copy of Plaintiff's Notice of Deposition of Rockport Healthcare Services and true and correct copies of meet and confer correspondence on this issue.

6. During a February 1, 2016, telephone call with Plaintiff's counsel, I relayed that I was unable to accept his offer of $1,500 to settle the present discovery dispute without first consulting with my clients, their insurance carrier, and reviewing Plaintiff's late discovery responses. Unfortunately, the same was incorrectly represented in my February 1, 2016, email to Plaintiff's counsel due to a typographical error. The overall sentiment of my email makes it clear, however, that I had not rejected his offer outright. Please see Exhibit A to the declaration of Elliot Stone.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 9, 2016, at Redwood City, California.

/s/ Christopher R. Mezzetti
CHRISTOPHER R. MEZZETTI