# Mezzetti, Christopher R.

**From:** Mezzetti, Christopher R.
**Sent:** Tuesday, January 05, 2016 10:12 AM
**To:** 'Elliott H. Stone'; Jose-Manuel A. de Castro
**Subject:** RE: Truley v. Rechnitz

Elliott,

The defective notice has a clear effect on my clients as well, and could easily be addressed during the phone call. If you prefer to discuss at noon or 1:30, after your call with Mr. DeCastro, that works as well – but seems somewhat redundant to me. Especially considering the lack of any foreseeable harm that could result from my participation.

I would appreciate it if you could provide me with a FedEx tracking number, per your proof of service, for the deposition notice as we never received it. I would like to try and get to the bottom of the issue.

Thanks,

Chris

---

**From:** Elliott H. Stone [mailto:ehstone@stonelawfirm.com]
**Sent:** Tuesday, January 05, 2016 10:06 AM
**To:** Mezzetti, Christopher R.; Jose-Manuel A. de Castro
**Subject:** RE: Truley v. Rechnitz

Chris,
You are not invited to participate. We can schedule a meet and confer at another time.
-Elliott

---

**From:** Mezzetti, Christopher R. [mailto:christopher.mezzetti@rmkb.com]
**Sent:** Tuesday, January 05, 2016 10:04 AM
**To:** Jose-Manuel A. de Castro <jmdecastro@decastrolawgroup.com>; Elliott H. Stone <ehstone@stonelawfirm.com>
**Subject:** RE: Truley v. Rechnitz

I am also available at 11:30 and would like to participate in the call.

Chris

---

**From:** Jose-Manuel A. de Castro [mailto:jmdecastro@decastrolawgroup.com]
**Sent:** Tuesday, January 05, 2016 9:47 AM
**To:** 'Elliott H. Stone'
**Cc:** Mezzetti, Christopher R.
**Subject:** RE: Truley v. Rechnitz

I could talk today around 11:30 a.m. if that works for you.

**JOSÉ-MANUEL A. DE CASTRO**
310.270.9877 / jmdecastro@decastrolawgroup.com

1

**From:** Elliott H. Stone [mailto:ehstone@stonelawfirm.com]
**Sent:** Tuesday, January 05, 2016 7:06 AM
**To:** Jose-Manuel A. de Castro
**Subject:** Re: Truley v. Rechnitz

What time today can we confer?

Excuse my brevity and typos... sent from my iPhone

On Jan 5, 2016, at 6:44 AM, Jose-Manuel A. de Castro <jmdecastro@decastrolawgroup.com> wrote:

> Elliott,
>
> You can obviously do what you have to do, but there really is no need to waste money on a court reporter and a certificate of non-appearance. I have told you that no one will be appearing to testify tomorrow morning. I am happy to meet and confer with you regarding the identification of the witness(es) you would like to depose and one or more mutually agreeable dates for those depositions. During the same meeting, we can also discuss the supplemental initial disclosures that you still have not provided, despite committing in writing to do so almost three months ago, and the deficient interrogatory responses I addressed in my December 16 letter to you, to which I have not yet received any response.
>
> Jose-Manuel
>
> **JOSÉ-MANUEL A. DE CASTRO**
> 310.270.9877 / jmdecastro@decastrolawgroup.com
>
> ---
>
> **From:** Elliott H. Stone [mailto:ehstone@stonelawfirm.com]
> **Sent:** Monday, January 04, 2016 9:03 PM
> **To:** Jose-Manuel A. de Castro
> **Cc:** john.dooling@rmkb.com; christopher.mezzetti@rmkb.com; McElligott, Julie
> **Subject:** Re: Truley v. Rechnitz
>
> Jose the objections are baseless and do not permit non appearance. I will be at the deposition and will be starting as scheduled if you fail to appear with your client I will obtain a cert of non appearance.
>
> Excuse my brevity and typos... sent from my iPhone
>
> On Jan 4, 2016, at 7:05 PM, Jose-Manuel A. de Castro <jmdecastro@decastrolawgroup.com> wrote:
>
>> Please see attached Defendants' Objection to the Notice of Deposition of Rockport Healthcare Services.
>>
>> ---
>>
>> **JOSÉ-MANUEL A. DE CASTRO**
>> 310.270.9877 / jmdecastro@decastrolawgroup.com
>>
>> <image001.png>
>> 9000 W. Sunset Blvd., Suite 450, Los Angeles, CA 90069
>> Fax: 310.341.2330
>> decastrolawgroup.com

2

## Mezzetti, Christopher R.

| | |
|---|---|
| **From:** | Mezzetti, Christopher R. |
| **Sent:** | Tuesday, January 12, 2016 5:40 PM |
| **To:** | 'Elliott H. Stone' |
| **Cc:** | McElligott, Julie |
| **Subject:** | Truley -- Status Call |

Elliott,

Are you available at any time tomorrow to discuss the status of this case, including your proposed 90 trial continuance and discovery?

Thanks,

**Christopher R Mezzetti**
**Ropers Majeski Kohn & Bentley PC**
Associate
1001 Marshall Street, Suite 500 • Redwood City • CA • 94063-2052
☎ Office: (650) 364-8200  ☎ Direct: (650) 780-1677
📠 Fax: (650) 780-1701  ✉ Email: christopher.mezzetti@rmkb.com
Web Site: www.rmkb.com



San Francisco • Redwood City • San Jose • Los Angeles • New York • Boston

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

Elliott H. Stone, Esq. (SBN 264569)
ehstone@stonelawpc.com
**STONE LAW FIRM**
6601 Center Drive – Suite 500
Los Angeles California 90045
Telephone: (310) 348-7000
Facsimile: (844) 329-9100

Attorney for Plaintiff JAMES TRULY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION – LOS ANGELES

| | |
|---|---|
| JAMES TRULEY, an induvial,<br><br>Plaintiff,<br><br>v.<br><br>SHLOMO RECHNITZ, individually and dba ROCKPORT HEALTHCARE SERVICES, and dba ALTA VISTA HEALTHCARE & WELLNESS CENTER; ROCKPORT ADMINISTRATIVE SERVICES, LLC.,a California limited liability company; DINCEL LAW GROUP, an entity of unknown type; KIM O. DINCEL, an individual; W. JOHN LO, an individual; RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC, a California limited liability company; Tim G. Doe, an individual, Cecilia M. Doe, an individual, and DOES 1 to 50, inclusive, an individual; and DOES to 1 to 50, inclusive,<br><br>Defendants. | Case No.:  5:15-cv-00715-SJO-SP<br><br>**PLAINTIFF JAMES TRULEY' S NOTICE OF DEPOSITION OF DEFENDANT ROCKPORT HEALTHCARE SERVICES PURSUANT TO F.R.C.P. § 30(b)(6)**<br><br>Date:       January 6, 2015<br>Time:       9:00 a.m.<br>Location:  Esquire Solutions<br>                1990 S. Bundy Drive<br>                Suite 540<br>                Los Angeles CA 90025<br>                Tel: 310-598-4200 |

**TO THE ABOVE NAMED DEFENDANT AND THEIR ATTORNEYS OF RECORD:**

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff by and through his counsel, will take the deposition of Defendant **ROCKPORT HEALTHCARE SERVICES**, under oath, through its officers, agents, employees or authorized persons most qualified to testify with respect to the matters described below.

The deposition will be taken before an authorized court reporter or other person duly authorized to administer oaths, **at 9:00 a.m., local time on Wednesday, January 6, 2015,** at the following location (or such other locale as may be later designated):

> Esquire Solutions
> 1990 S. Bundy Drive
> Suite 540
> Los Angeles CA 90025
> Tel: 310-598-4200

The deposition will continue from day to day until completed. The deposition shall be recorded through stenographic and/or video means.

**PLEASE TAKE FURTHER NOTICE** that, the designated Fed.R.Civ.P. 30(b)(6) representative(s) of Defendant ROCKPORT HEALTHCARE SERVICES must be prepared to testify regarding "matters known or reasonably available to" Defendant ROCKPORT HEALTHCARE SERVICES, including but not limited to the following topics, and subject to the definitions set forth below. Deponent shall designate and produce at the deposition one or more persons to testify concerning the below identified subjects, with said person(s) to possess the knowledge known or reasonably available to the Deponent, as to the subject categories set forth herein. It is further requested that Deponent provide prompt written notification to the undersigned as to the name, address, telephone number, capacity and job title of each person so designated to testify, as well as the subject matters on which this person will testify.

NOTE: If the deponent requires the service of an interpreter, you must advise

this office in writing no later than five days before the date set for the deposition of both the need for the interpreter and the language required. If you fail to do so and the deposition is then continued for lack of an interpreter, sanctions will be sought against both counsel and deponents.

## DEPOSITION TOPICS

Said deponent is to be knowledgeable regarding the following matters:

1. Deponent and its employees' communications relating to Plaintiff;
2. The relationship between Deponent and Plaintiff;
3. The relationship between Deponent and original creditor of the debt which was the subject of the Deponent's collection efforts toward Plaintiff;
4. Determination and calculation of the amounts sought by Deponent from Plaintiff;
5. Authority for the amounts claimed by Deponent from Plaintiff;
6. All collection notes and/or collection logs relating to Plaintiff;
7. Documents sent to and/or received from Plaintiff or anyone else regarding Plaintiff;
8. Deponent's collection practices, procedures, methods, techniques and strategies used by Deponent in their efforts to collect consumer debts from any person;
9. Deponent's investigation into the claims made by Plaintiff in the Complaint filed herein;
10. The details and contents of all personnel files for the individuals that worked on Plaintiff's alleged collection account;
11. Any and all other information related to the factual basis for Deponent's Answer;
12. Any and all other information related to Deponent's defenses contained in its Answer;
13. Any bona fide error defense Deponent may have with regard to the allegations set forth in the Complaint;
14. The lack of intent by Deponent to violate the Fair Debt Collection Practices Act;
15. The phone systems of Deponent and monitoring and recording of telephone calls;

16. The telephone system(s), local and long distance services used by Deponent and their employees in the course of their business or in the course of collecting accounts;

17. The long distance telephone provider used by Deponent and its collection employees to make calls relating to the herein account;

18. The management, supervision, and discipline of Deponent's collection employees;

19. The use of alias names by any Defendant and or employee of Deponent in the collection of accounts;

20. The maintenance of procedures by Deponent to avoid violations of the Fair Debt Collection Practices Act;

21. The methods, practices, techniques, and strategies used by Deponent in training their collection employees;

22. All correspondence to and from the original creditor of the debt which was the subject of the Deponent's collection efforts toward Plaintiff which relate to the Plaintiff's collection account;

23. All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by Deponent or their employees related to the collection of Plaintiff's account;

24. The history, specific details, and resolution of any formal and informal complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, or other actions, legal or otherwise, connected to or arising out of Deponent's business, in the period from three (3) years prior to the date of this notice to the present;

25. Deponent's business organization and governance, including but not limited to its owners, shareholders, officers, directors, parent companies and subsidiaries; and

26. Any and all other information related to Plaintiff's claims against Deponent.

Dated: December 11, 2015             STONE LAW FIRM


                                     By: _____/s/ Elliott H. Stone_____
                                        Elliott H. Stone, Esq.
                                        Attorney for Plaintiff

## PROOF OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the Los Angeles County in the office of a member of the bar of this court at whose direction the service was made. My business address is 6601 Center Drive, Suite 500, Los Angeles, CA 90045.

On December 11, 2015, I served the following document(s):

PLAINTIFF'S RESPONSES TO RIVERSIDE HEALTHCARE & WELLNESS CENTRE, LLC'S INTERROGATORIES TO PLAINTIFF, SET 1.

> José-Manuel A. de Castro, Esq.
> DE CASTRO LAW GROUP, P.C.
> 9000 W. Sunset Boulevard, Suite 450
> Los Angeles, California 90069
>
> Attorneys for Defendants Shlomo Rechnitz, Rockport Administrative Services, LLC, Riverside Healthcare & Wellness Centre, LLC, Tim Garcia and Cecilia Machado
>
> John G. Dooling, Esq.
> 1001 Marshall Street, Suite 500
> Redwood City CA 94063-2052
>
> Attorneys for defendants Dincel Law Group, Kim I. Dincel, and W. John Lo.

☒  **BY FEDEX.**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 11, 2015, at Los Angeles, California.

                                                /s/ Elliott H. Stone
                                                Elliott H. Stone

STONE LAW FIRM